IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MELANDE KING and ASHLEY KING**                               **PLAINTIFFS**

V.                                                  CIVIL ACTION NO. 2:24-CV-169-KS-MTP

**NIC LATHAM, Officer of the Forrest
County Sheriff's Department;
CHARLIE SIMS, Sheriff of Forrest
County; and                                                               DEFENDANTS
FORREST COUNTY, MISSISSIPPI**

**ORDER**

Before the Court is the Motion for Judgment on the Pleadings based on Qualified Immunity [8] filed by Defendants Nic Latham, an officer of the Forrest County Sheriff's Department, and Charlie Sims, Sheriff of Forrest County, in this action brought pursuant to 42 U.S.C. § 1983 and state law. *See also* Fed. R. Civ. P. 12(c). Plaintiffs Melande King and Ashley King have filed a Response [15], and Defendants Latham and Sims have filed a Reply [17]. Having reviewed all of the parties' submissions, the complaint, and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the Motion [8] should be granted.

**I.     BACKGROUND**

This is a case arising from Plaintiffs' early departure from a residential lease and the role played by Defendants in the resulting landlord/tenant dispute regarding access to the residence. According to the Complaint [1], Plaintiffs are individuals who currently reside in Hattiesburg, located in Forrest County, Mississippi. Compl. [1] at 1. Defendant Latham is an officer of the Forrest County Sheriff's Department, and Defendant Sims is the Sheriff of Forrest County. *Id.* at 2. Latham and Sims are both sued in their individual and official capacities. *Id.* Also named as a defendant is Forrest County, Mississippi. *Id.*

As briefly set forth in the Complaint [1], Plaintiffs leased a home in Hattiesburg, Mississippi, from November 2022 to November 2023. [1] at 3, ¶12. Alleging very few underlying facts, Plaintiffs maintain that because of the "hostility" of their landlords, they "decided to move out of the home in July 2023 while still fulfilling all payment requirements set forth in the lease agreement." *Id.* at ¶ 13. However, Plaintiffs assert that before they could arrange the payments, the landlords called officers from the Forrest County Sheriff's Department, who denied them entry into their home. *Id.* at ¶ 14. They allege that Defendant Officer Latham "made an extrajudicial determination that the Plaintiffs had abandoned the property" by "evicting the Plaintiffs and denying them entrance into their lawful home," even though they had paid rental in the amount of $1,000.00 for the month of July. *Id.* at ¶¶ 15-16. Plaintiffs allege that, after "substantial negotiation," they were "finally allowed to retrieve their belongings." *Id.* at 4, ¶ 17. Plaintiffs allege that Officer Latham's acts violated their state and federal constitutional rights, as well as the Mississippi Tort Claims Act. *Id.* at ¶ 18.

II.     **CLAIMS**

Based on the foregoing allegations of fact, Plaintiffs allege that Defendant Officer Latham's acts and/or omissions violated their Federal and State Constitutional rights, as well as the Mississippi Tort Claims Act. *Id.* at 4, ¶ 18. They allege that they have provided a Notice of Claim letter to Defendants pursuant to Mississippi Code Annotated § 11-46-11. In Count One of their complaint, they allege that "participating" Defendants violated the Mississippi Torts Claims Act because "while in the course and scope of their employment, they acted with a reckless disregard for the safety and well-being of Plaintiffs, who were not engaged in criminal activities at the time of their injuries and/or damages." *Id.* at ¶ 20. Plaintiffs allege that Defendant Forrest County is "personally liable" for Defendant Officer Latham's acts and omissions because he was

acting within the course and scope of his employment. *Id.* at ¶ 21. In Count Two of the complaint, Plaintiffs allege that Defendant Officer Latham's denial of entry to their home constituted an "extrajudicial eviction," which violated their rights to "security and liberty" and Due Process under the Fourteenth Amendment. *Id.* at ¶¶ 24-25. Count Three consists of a claim that Defendants Sheriff Charlie Sims and Forrest County failed to adequately train and/or supervise Defendant Officer Latham. *Id.* at 5, ¶ 27. Plaintiffs also allege in Count Three that Defendants Forrest County and Sheriff Sims are liable for damages under the theory of *respondeat superior*. *Id.* at ¶ 28. Count Four consists of a claim of intentional and/or negligent infliction of emotional distress against all Defendants pursuant to both state and federal law. *Id.* at ¶¶ 29-32. Plaintiffs allege that they suffer from severe emotional distress and mental anguish, anxiety, and worry, and thus they are entitled to recover both compensatory and punitive damages. *Id.* Finally, they seek reasonable attorney fees pursuant to 42 U.S.C. § 1988, including all costs and expenses, and any other relief to which they may be entitled. *Id.* at 6-7.

### III. <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Motions for judgment on the pleadings under Rule 12(c) are subject to the same standard of review as a motion under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the

complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is a "context-specific task that requires the reviewing court to draw on its judicial expertise and common sense." *Id.* at 679.

The Court must "accept all well pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes*, 624 F.3d at 210. But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010)(punctuation omitted. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. It follows that "where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Ultimately, the Court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012)(citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

"The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

4

by the complaint." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995), and any other matters of which it may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

### IV.    DISCUSSION

Defendants Latham and Sims have moved to dismiss Plaintiffs' claims against them in their individual capacities on two bases. First, they argue that Plaintiffs have failed to state a federal claim upon which relief can be granted due to lack of allegations of personal involvement, failure to allege a constitutional violation, and failure to allege facts that raise Plaintiffs' right to relief beyond the speculative level. Second, they argue that – even if Plaintiffs have stated a viable claim for relief – Defendants are entitled to dismissal based on the doctrine of qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

There are two steps in the Court's analysis. First, the Court determines whether the defendant's conduct violates an actual constitutional right. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). At this initial stage, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). But if the plaintiff clears that hurdle, then at the second step the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established

law at the time of the conduct in question." *Id.* A right is "clearly established" if it is "one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). The Court is also mindful that the "inquiry must be undertaken in light of the specific context of the case." *Id.* at 12. The Court may address either step first. *Pearson*, 555 U.S. at 236.

The Court observes that "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). "Although this does not mean that 'a case directly on point' is required, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Ford v. Anderson Cnty.*, 90 F.4th 736, 751 (5th Cir. 2024).

When "a qualified immunity defense is asserted in an answer or a motion to dismiss, the district court must – as always – do no more than determine whether the plaintiff has filed a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Anderson v. Valdez*, 845 F.3d 580, 589-590 (5th Cir. 2016). This is not a heightened pleading standard, *id.* at 590, but the plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). In that respect, the Court

treats qualified immunity arguments at the pleading stage no different than the typical 12(b)(6) standard of review under *Iqbal*.

    A. <u>Sheriff Sims</u>

Defendant Sheriff Sims argues that Plaintiffs have failed to state an individual capacity claim against him under 42 U.S.C. § 1983. He maintains that, throughout the Complaint and its four claims, Plaintiffs have failed to state the manner in which he personally violated their constitutional rights. Sims argues that Plaintiffs have raised only two federal claims: those found in Counts Two and Three of the Complaint. [9] at 9.

An overview of the Complaint's allegations against Sheriff Sims will aid in the consideration of the motion. As for the state law claims, Count One encompasses a state law claim against Forrest County, Defendant Officer Latham, and "participating Defendants" pursuant to the Mississippi Torts Claims Act.[1] It contains no reference to Sheriff Sims nor any reference to specific acts by him. Likewise, Count Four's state law claim of intentional/negligent infliction of emotional distress is merely conclusory and fails to allege facts that demonstrate in what manner Sims affirmatively acted to cause mental injury and damages to Plaintiffs. To the extent that Plaintiffs attempt to base a § 1983 claim on Count Four, it is axiomatic that a state law claim of intentional and/or negligent infliction of emotional distress fails to rise to the level of a constitutional violation and cannot be the basis for a § 1983 claim. *Wolf v. Quave*, 79 F. App'x 648 (5th Cir. 2003).

Defendant Sheriff Sims focuses his arguments on Counts Two and Three, asserting that Plaintiffs fail to provide factual allegations that Sims affirmatively participated in acts that caused

---

[1] "The Mississippi Tort Claims Act 'provides the exclusive civil remedy against a governmental entity and its employees for acts or omissions which give rise to a suit.'" *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 444 (5th Cir. 2015)(citations omitted); *see also* Miss. Code Ann. § 11-46-5 (2023)(outlining the waiver of immunity as to the state and its political subdivisions).

a deprivation of Plaintiffs' federal constitutional rights. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Count Two's Due Process claim alleges only that Defendant Officer Latham, not Sheriff Sims, denied Plaintiffs access to their home.

Count Three's allegations of failure to train and/or supervise, as well as a *respondeat superior* claim, suffer from similar infirmities. Notably, in a § 1983 case, liability for an employee's actions may not be imputed to employers under a theory of *respondeat superior*. Supervisory officials "cannot be held liable for the actions of subordinates under any theory of vicarious liability." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiffs have failed to allege any facts satisfying that criteria.

Moreover, Plaintiffs' failure to train and/or supervise claim is conclusory and lacks any facts supporting the claim. Without the adornment of any facts, the complaint alleges that Forrest County and Sims had a duty to train and/or supervise their employees, and they failed to adequately train and/or supervise Officer Latham "in a sufficient manner to protect the Plaintiffs' constitutional rights." [1] at 5, ¶ 27.

To establish a claim based on a defendant's failure to supervise or train, a plaintiff must show that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris County, Tex.,* 571 F.3d 388, 395 (5th Cir.2009) (quoting *Smith v. Brenoettsy,* 158 F.3d 908, 911-912 (5th Cir. 1998) (internal quotation marks omitted)). The plaintiff must specifically allege "how a

8

particular training program is defective." *Id.* And to establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.* (citations omitted).

In this case, Plaintiffs fail to assert specific facts supporting a causal link between the failure to train or supervise and the violation of Plaintiffs' rights, as well as the manner in which the alleged failure to train or supervise amounts to deliberate indifference. *Id.* In addition, although Plaintiffs' Response [16] briefly describes the interaction between Plaintiff and Latham, it still fails to complete the factual picture.[2] *See* [16] at 1-2.[3] And despite Defendant Sims's argument that Plaintiffs have abandoned their failure to train/supervise claim due to inadequate briefing, *see* [17] at 2-3, the Court declines dismissal on that basis. Instead, because Plaintiffs' complaint is totally bereft of facts supporting this claim, and it lacks sufficient detail to raise the right of relief against Sims beyond the speculative level, it must be dismissed.

Accordingly, for the foregoing reasons, the Motion to Dismiss is hereby granted as to Defendant Sheriff Sims.

B. Officer Latham

Defendant Officer Latham argues that he is entitled to dismissal of Plaintiffs' claims against him in his individual capacity because Plaintiffs' claims fail to state a § 1983 claim upon which relief can be granted. He argues that Plaintiffs' only federal claim against him is Count

---

[2] At this juncture, however, the factual assertions made by Plaintiffs' attorney in the Response [16] are not properly considered because they are not a part of "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Ironshore Europe DAC*, 912 F.3d at 763; *see also Edionwe v. Bailey*, 860 F.3d 287, 292 n.1 (reviewing the grant of a motion to dismiss a constitutional property interest claim, noting that "[b]ecause these allegations and documents were not included in the complaint or incorporated by reference, it would be inappropriate for us to consider them on appeal.").

[3] The Court also observes that, confusingly, Plaintiff's Response repeatedly refers to the landlords, Lisa R. Jones and Kacey L. Jones, as the "Kings," rather than the "Joneses." [16] at 1-2. For example, Plaintiffs assert that "[s]hortly after moving in, Melande and Ashley [King] began to experience what they considered harassing behavior from the Kings." *Id.* at 1.

Two's Fourteenth Amendment Due Process claim, which is ill-supported by the Complaint's factual allegations.

Latham points out that Plaintiffs fail to assert whether their due process claim is substantive or procedural, but Plaintiffs respond that their claim is both. [16] at 5. In any event, "[t]he first inquiry in every due process challenge – whether procedural or substantive – is whether the plaintiff has been *deprived* of a protected interest in property or liberty." *Edionwe v. Bailey*, 860 F.3d 287, 292 (5th Cir. 2017)(emphasis added). If "[t]here was no *final deprivation* of a protected property interest, . . . [plaintiffs have] failed to state a due process claim upon which relief may be granted." *LaCroix v. Marshall Cnty., Miss.*, 409 F. App'x 794, 804 (5th Cir. 2011)(emphasis added).

A review of the Complaint itself provides context for the Court's analysis. The Complaint's factual allegations against Defendant Officer Latham consist of the following statement:

> 15. Officer Latham, an officer from the Forrest County Sheriff's Department, made an extrajudicial determination that the Plaintiffs had abandoned the property, evicting the Plaintiffs and denying them entrance into their lawful home.

[1] at 3, ¶ 15. The Complaint goes on to allege that "[a]fter substantial negotiation, the Plaintiffs were finally allowed to retrieve their belongings." *Id.* at 4, ¶ 17.

Count Two of the Complaint includes the following denial of due process claim against Defendant Latham:

> 24. By denying the Plaintiffs entry to their lawful home through an extrajudicial eviction, Defendant Latham abridged the Plaintiffs' privileges and immunities as well as their security and liberty under the Fourteenth Amendment to the United States Constitution.

> 25. As a direct and proximate result of Defendant Latham's unconstitutional denial of entrance, Defendant Latham deprived the Plaintiffs of their right to Due Process in violation of the Fourteenth Amendment.

[1] at 5, ¶¶ 24-25.

Count Three's failure to train claim contains no specific allegations against Defendant Officer Latham. *Id.* And Count Four's claim of intentional/negligent infliction of emotional distress contains no separate allegations against Latham. *Id.* at 5-6. Instead, it speaks of the Defendants' acts *in toto* and alleges "an intentional tort in violation of both State and Federal law." *Id.* at 6, ¶ 30.

This pleading is an example of a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 78 (quoting *Twombly*, 550 U.S. at 557). The only facts alleged in Count Two are that Defendant Officer Latham denied Plaintiffs entry through an "extrajudicial eviction," and thereby, deprived Plaintiffs of due process. The complaint fails to allege facts explaining any details underlying the allegation that Latham "abridged" their security and liberty and "deprived" them of right to due process.

However, a key detail provided by the complaint is that the Plaintiffs were "allowed to retrieve their belongings" "[a]fter substantial negotiation." [1] at 4, ¶ 17. In other words, Plaintiffs admit that their deprivation of access to the property and their belongings was *temporary*, lasting only a matter of days, and was not permanent. *See also* [16] at 2 (stating that the landlords allowed Plaintiffs access "'[a]fter several days."). Thus, there was no "final deprivation" of any interest, much less a "protected property interest." *See LaCroix*, 409 F. App'x at 804.[4]

---

[4] While Plaintiffs' citation to *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir. 2002) is informative, it is not on all fours. *Cozzo* involved two officers' misinterpretation of the plain terms of a TRO to wrongfully evict a plaintiff homeowner from her property, resulting in the deprivation of the use of her residence for nearly six months, until a court hearing could be held before the state judge who entered the TRO. *Id.* While the Court does not condone Defendants' alleged actions, they simply do not rise to the scale of the facts presented by *Cozzo*. By their own admission, Plaintiffs in this case sought to vacate their rental house several months in advance of the expiration of their lease. Defendant Officer Latham's alleged acts impeded or delayed Plaintiffs' move from the rented premises for only a matter of "several days," and Plaintiffs regained access after "negotiations," presumably with their landlords, and apparently without judicial intervention.

Moreover, because there was no "final deprivation," the Court need not reach the question of whether a constitutionally "protected property interest" is implicated in this case, nor must it determine whether there is a generic liberty of entrance right to rented property protected by the Due Process Clause. *Id.* And as for Plaintiffs' claim of intentional and/or negligent infliction of emotional distress against Defendant Officer Latham, this tort cannot form the basis of a § 1983 claim. *Wolf*, 79 F. App'x at 648. Accordingly, the Motion to Dismiss is granted in favor of Defendant Officer Latham.

Because Plaintiffs have failed to establish the violation of a constitutional right as to either Sims or Latham, the Court need not reach the qualified immunity analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1995)(citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991))("if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant[s] [are] entitled to dismissal on that basis.").

## V.  **CONCLUSION**

Accordingly, for the reasons set forth above, the Court grants the Motion to Dismiss [8] filed by Defendants Sheriff Sims and Officer Latham.

SO ORDERED AND ADJUDGED this 1st day of April, 2025.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE